IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RANDY FOOTE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>OFFICER CHRISTOPHER DAINO, in their )<br>individual capacity and capacity as NEW )<br>CASTLE COUNTY POLICE OFFICER, )<br>individually and in his capacity as CHIEF )<br>OF NEW CASTLE COUNTY POLICE, )<br>COLONEL JOSEPH S. BLOCH, and NEW )<br>CASTLE COUNTY, a governmental entity, )<br>)<br>Defendants. ) | C.A. No. 24-1061-JLH |

## MEMORANDUM ORDER

Pending before the Court are Defendant New Castle County's Motion to Dismiss Plaintiff's Complaint (D.I. 3) and Defendants Christopher Daino and Joseph Bloch's Motion to Dismiss Plaintiff's Complaint for Failure to Serve Process (D.I. 7). For the reasons below, both motions will be granted.

1. The Court writes primarily for the parties and assumes familiarity with the allegations in the Complaint (D.I. 1, Ex. A ("Compl.")). The Complaint was originally filed in Delaware Superior Court and subsequently removed to this Court. (D.I. 1.) The Complaint asserts a variety of claims under state and federal law relating to an incident between Defendant Officer Daino and Plaintiff Foote stemming from Officer Daino's actions in trying to prevent Plaintiff from violating a state Protection from Abuse order.

2. The Court begins with Defendant New Castle County's Motion to Dismiss Plaintiff's Complaint (D.I. 3). Defendant New Castle County seeks dismissal of Counts 3, 4, 5, and 6 of the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

Count 3, against "All Named Defendants," purports to assert the following claim: "Violation of 42 U.S.C. § 1983 Local Governments (And Their Officials) May be Sued for Constitutional Deprivations Caused as a Result of Government Custom, Even Though Such Custom Has Not Received Formal Approval Through Decision-Making Channels." (Compl., Count 3.) Count 4, which does not identify which Defendants the claim is asserted against, purports to assert a claim for "Violation of 42 U.S.C. § 1983 Based on 4th Amendment Unlawful Detention and Arrest." (*Id.*, Count 4.) Defendant New Castle County contends that Counts 3 and 4 should be dismissed against it because the Complaint fails to properly allege a policy or custom as required to state a claim against a municipality under 42 U.S.C. § 1983. I agree.

        3.      To survive a motion to dismiss, a Complaint alleging a § 1983 claim against a municipality must allege "facts supporting both a plausible inference that there was a policy or custom that caused Plaintiff's injury and a plausible inference that the City was the deliberate, 'moving force' behind it." *Ferrell v. City of Wilmington*, No. 21-1593, 2023 WL 1437765, at *6 (D. Del. Feb. 1, 2023) (citations omitted), *report and recommendation adopted*, 2023 WL 2351795 (D. Del. Mar. 3, 2023). Plaintiff has not pointed the Court to any factual allegations in the Complaint plausibly supporting the existence of a relevant policy or custom. The only relevant allegation the Court could identify is the conclusory assertion that "[t]he unconstitutional behavior of officers is carried out pursuant to a policy, pattern of practice, or custom, whether formal or informal, which violates the constitutional rights of persons situated such as Plaintiff." (Compl. ¶ 44.) That bald legal conclusion, unsupported by any well-pleaded factual allegations, is insufficient to properly allege a policy or custom. *Nixon v. Rutter*, No. 23-627, 2024 WL 4651034, at *4 (D. Del. Nov. 1, 2024). Accordingly, Counts 3 and 4 against Defendant New Castle County will be dismissed for failure to state a claim.

4.      Count 5 purports to assert, against "All Named Defendants," a claim for "Negligence: Negligent Hiring, Negligent Retention, Negligent Supervision, Negligent Infliction of Emotional Distress." (Compl., Count 5.) New Castle County contends, and I agree, that Count 5 must be dismissed under the Delaware County and Municipal Tort Claims Act ("CMTCA"), which immunizes the County and its employees "from suit on any and all tort claims seeking recovery of damages." 10 *Del. C.* § 4011(a). Plaintiff contends that this case falls within the CMTCA's exception for acts "performed with wanton negligence or willful and malicious intent," § 4011(c), but Plaintiff fails to identify any allegations in the Complaint to support his contention. (D.I. 14, Plaintiff's Answering Br., at 6–7.) The Complaint never alleges that Defendant Daino acted with wanton negligence or willful and malicious intent, and there are no well-pleaded factual allegations plausibly suggesting that he did. Count 5 against Defendant New Castle County will be dismissed for failure to state a claim.

5.      Count 6 of the Complaint asserts a violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, and is asserted against "All Named Defendants." (Compl., Count 6.) New Castle County contends that Count 6 should be dismissed because the ADA allegations are conclusory and the Complaint does not allege facts plausibly suggesting an ADA violation. The Court agrees. The Complaint alleges that Defendant Daino "violated the [ADA] by exhibiting a deliberate indifference to Plaintiff's intellectual disability in executing a leg sweep on Plaintiff and causing substantial injury to his clavicle." (Compl. ¶ 56.) Then, after citing generic statements from the NCCPD's Mental Health Unit Policy and earlier allegedly similar occurrences between "Police agencies in Delaware" and persons other than Plaintiff (Compl. ¶¶ 57–62), the Complaint alleges that "Plaintiff is disabled, Daino denied Plaintiff the benefits of services, programs, or activities or otherwise discriminated against Plaintiff, among other things, by failing to reasonably

3

accommodate Plaintiff's disability; and the exclusion, denial of benefits, or discrimination was because of Plaintiff's disability" (Compl. ¶ 62). These are mere threadbare recitations of legal standards with no well-pleaded supporting facts explaining, for example, what Plaintiff's qualifying disability is or how Defendants failed to reasonably accommodate it. Count 6 against Defendant New Castle County will be dismissed for failure to state a claim.

6.  The Court next addresses Defendants Christopher Daino and Joseph Bloch's Motion to Dismiss Plaintiff's Complaint for Failure to Serve Process (D.I. 7). Defendants Daino and Bloch (the "Individual Defendants") contend that the claims against them should be dismissed under Federal Rule of Civil Procedure 12(b)(5) because Plaintiff failed to properly effectuate service. I agree.

7.  The Complaint was initially filed in Delaware Superior Court, and Plaintiff had 120 days from the filing of the Complaint to effectuate service. Del. Super. Ct. Civ. R. 4(j). The Complaint was filed May 16, 2024, so Plaintiff had until September 13, 2024, to serve the Individual Defendants. (The Complaint was removed to this Court eleven days after that deadline, on September 24, 2024.) Delaware law provides that "the Prothonotary shall forthwith issue the process specified in the praecipe[.]" Del. Super. Ct. Civ. R. 4(a). The praecipe Plaintiff's attorney provided to the Prothonotary requested that the Prothonotary issue a summons and complaint to the New Castle County Police Department and the New Castle County Government Center. (D.I. 1-2 at 5, 22.) It did not specifically identify the Individual Defendants or indicate that the Individual Defendants could be served at the New Castle County Police Department or the New Castle County Government Center. (*Id.*) It's undisputed that Plaintiff did not request personal service on either Individual Defendant. And it is undisputed that neither Individual Defendant was personally served.

4

8. Plaintiff first contends that serving process at the New Castle County Police Department and New Castle County Government Center was sufficient to effectuate service upon the Individual Defendants in their official capacities. (D.I. 13, Plaintiff's Answering Br., at 3–6.) The Court disagrees.[1] Plaintiff's praecipe did not specifically identify the Individual Defendants at all, much less provide specific instructions that they were to be served at the New Castle County Police Department or the New Castle County Government Center. Moreover, as the Individual Defendants point out, even if they had been served in their official capacities, that would not save the Complaint from dismissal. A claim against a municipal officer in his official capacity is a claim against the municipality. And the Complaint fails to state a §1983 claim (Counts 1, 3, and 4), a tort claim (Counts 2 and 5), or an ADA claim (Count 6) against the County for the reasons already explained.

9. What's more, even if the Individual Defendants had been served in their official capacities, that would not effectuate service over them in their individual capacities. *See Bush v. City of Wilmington*, No. 89-628, 1990 WL 10824350, at *5 n.7 (D. Del. Aug. 23, 1990) ("The fact that [the Defendants] may have been properly served in their official capacities does not mean that they have been properly served in their individual capacities."); *cf.* 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1109 (4th ed. 2024) (explaining that a

---

[1] Plaintiff cites *Holmes v. D'Elia*, No. N13C-12-185, 2014 WL 1083934 (Del. Super. Ct. Mar. 17, 2014) for the proposition that service upon the New Castle County Police Department was sufficient to effectuate service on the Individual Defendants in their official capacities. (D.I. 13, Plaintiff's Answering Br., at 6.) But in *Holmes*, the Plaintiff "submitted a praecipe initiating service of process on Detective D'Elia at his place of work, the Newark Police Department," *Holmes*, No. 2014 WL 1089394, at *1, whereas here Plaintiff's praecipe did not identify the Individual Defendants or indicate that they could be served at their place of work. The *Holmes* opinion does not explain whether the claims were brought against the plaintiff in an official or individual capacity and does not specifically address the issue at hand here.

defendant sued in their individual capacity "must be served as would any other individual defendant").

10. Plaintiff next advances several arguments that are less than pellucid. Plaintiff contends that "[a]lthough Defendants' [sic] Daino and Bloch acted in their official capacity as police officers, they, as well as New Castle County (NCC), are not immune from suit because Defendants' [sic] Daino and Bloch's [sic] tortiously acted on behalf of their employer, NCCPD, and ultimately caused Plaintiff to injure his clavicle and head." (D.I. 13, Plaintiff's Answering Br., at 5.) Plaintiff does not explain how that argument relates to whether the Individual Defendants were properly served. Plaintiff then blames the Prothonotary and the Sherriff's Office for allegedly misinterpreting Plaintiff's praecipe (D.I. 13, Plaintiff's Answering Br., at 2, 6–7), but Plaintiff's praecipe did not specifically identify the Individual Defendants; the Sheriff's Office followed Plaintiff's instructions by serving process at the locations identified by Plaintiff. In any event, Plaintiff bears the burden of establishing proper service and took no effort to verify that service was properly effectuated.

11. Plaintiff alternatively contends that his failure to properly effectuate service should be excused for good cause. But Plaintiff fails to explain what the good cause is. Plaintiff concedes that he did not make any attempt to effectuate service until September 3, 2024, 110 days after the Complaint was filed, and he does not explain why he did not attempt to effectuate service earlier. (D.I. 13, Plaintiff's Answering Br., at 8–9.) And there is no indication on the docket that Plaintiff attempted to effectuate service on the Individual Defendants after the action was removed to this Court, nor has he ever requested an extension of time from this Court to do so.[2]

---

[2] Plaintiff contends that dismissal for failure to properly effectuate service is a severe sanction that goes against Delaware public policy. (D.I. 13, Plaintiff's Answering Br., at 9–10.) Even assuming that Delaware state law applies to whether Plaintiff has shown good cause,

6

12.     Because Plaintiff has failed to effectuate service on the Individual Defendants and has not established good cause for that failure, the claims against the Individual Defendants will be dismissed without prejudice under Fed. R. Civ. P. 12(b)(5).

For the reasons above, IT IS HEREBY ORDERED THAT

1.     Defendant New Castle County's Motion to Dismiss Plaintiff's Complaint (D.I. 3) is GRANTED. Counts 3, 4, 5, and 6 asserted against New Castle County are DISMISSED without prejudice.

2.     Defendants Christopher Daino and Joseph Bloch's Motion to Dismiss Plaintiff's Complaint for Failure to Serve Process (D.I. 7) is GRANTED. The claims against Defendants Daino and Bloch are DISMISSED without prejudice.

3.     As there are no remaining claims against any Defendant, the Complaint is DISMISSED without prejudice.

4.     Any motion for leave to amend must be filed on or before September 16, 2025.

Dated: September 2, 2025

_____
Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE

---

Delaware state courts have repeatedly rejected that argument. *See, e.g., Ballard v. Takeda Pharms. Am., Inc.*, No. N16C-10-177, 2017 WL 3396488, at *7 (Del. Super. Ct. Aug. 7, 2017) (dismissing complaint for failure to comply with Rule 4(j) and explaining that "[p]ublic policy should not tip the balance unless there were sufficient diligent efforts on the part of Plaintiff's counsel to comply with the rule"); *Huelsenbeck v. Fermin-Jimenez*, No. N12C-07-216, 2013 WL 2481533, at *2 (Del. Super. Ct. June 7, 2013) (dismissing complaint for failure to comply with Rule 4(j) and rejecting public policy argument because "Rule 4(j) leaves no room for the imposition of a lesser sanction; rather, the rule commands that the 'action shall be dismissed'").